FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2025 OCT 28 AM 10: 07

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Shamika Jacobs,
Plaintiff,

v.

W.K.S. Krispy Kreme, LLC,
Defendant.

Civil Action No.: _____
Jury Trial Demanded

## COMPLAINT FOR DISABILITY DISCRIMINATION AND RETALIATION

## I. PARTIES

1. Plaintiff Shamika Jacobs is an individual residing in Colorado Springs, Colorado.

2. Defendant W.K.S. Krispy Kreme, LLC is a business entity doing business in El Paso County, Colorado. At all relevant times, Defendant was Plaintiff's employer.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it involves claims arising under federal law — specifically, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.

2. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District under 28 U.S.C. § 1391, as the events giving rise to this claim occurred in Colorado Springs, Colorado, within the District of Colorado.

## III. ADMINISTRATIVE EXHAUSTION

1. Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

2. The EEOC issued a Right to Sue letter dated August 4, 2025.

3. Plaintiff brings this action within 90 days of receipt of that letter.

4. Plaintiff has satisfied all administrative prerequisites for filing suit under federal and state law.

5. To the extent Plaintiff's retaliation claim was not specifically addressed in the EEOC's determination, it is reasonably related to the disability discrimination charge and arose out of the same set of facts and subsequent events. Accordingly, Plaintiff has exhausted all administrative prerequisites for this claim.

## IV. FACTUAL ALLEGATIONS

1. Plaintiff was employed by Defendant as a production employee, where her duties included making donuts.

2. Plaintiff performed her job satisfactorily at all times.

3. In or around October , Plaintiff applied for a promotion to a driving position within the company.

4. Plaintiff was informed that she would move into the driving position after her background check was completed.

5. After approximately five weeks without a response, Plaintiff contacted a senior district manager to follow up on the status of the driving position.

6. The day after this inquiry, Plaintiff was informed by her employer that she was being denied the position due to her medical condition, carpal tunnel syndrome.

7. This denial was based on a perceived or actual disability, despite Plaintiff being capable of performing the essential functions of the job.

8. Plaintiff subsequently contacted Human Resources to raise concerns about disability discrimination.

9. Shortly after contacting HR, Plaintiff was removed from the work schedule, effectively terminating or suspending her employment.

10. Defendant's actions constitute disability discrimination under the ADA and CADA, and retaliation for engaging in protected activity (complaining to HR about discrimination).

## V. CLAIMS FOR RELIEF

Count I – Disability Discrimination (ADA)

1. Plaintiff realleges and incorporates by reference all previous paragraphs.

2. Plaintiff has a disability, or was regarded as having a disability, within the meaning of the ADA.

3. Plaintiff was qualified for the driving position and able to perform its essential functions with or without reasonable accommodation.

4. Defendant discriminated against Plaintiff by denying her a promotion and removing her from the schedule because of her disability.

5. Defendant's conduct violates the Americans with Disabilities Act.

Count II – Retaliation (ADA)

1. Plaintiff engaged in protected activity when she complained to Human Resources about being denied a job opportunity due to her disability.

2. Defendant retaliated against her by removing her from the work schedule shortly thereafter.

3. Defendant's retaliatory conduct violates the ADA.

Count III – Disability Discrimination (CADA)

1. Plaintiff realleges and incorporates all prior paragraphs.

2. Defendant's actions also violate the Colorado Anti-Discrimination Act, C.R.S. § 24-34-401, et seq., which prohibits employment discrimination on the basis of disability.

3. Under CADA, Plaintiff is entitled to compensatory damages without statutory caps.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and award the following relief:

a. Back pay and front pay

b. Compensatory damages for emotional distress

c. Punitive damages as allowed by law

d. Attorney's fees and costs

e. Pre- and post-judgment interest

f. Any other relief the Court deems just and proper

Respectfully submitted,

Date: 10/28/25

Signature:

Shamika Jacobs
3432 Queen Anne Way
Colorado Springs, CO. 80917

(719) 663-3034
lj_jacobs03@yahoo.com